IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EAGLE SILICON, LLC, an Idaho limited liability company,<br><br>              Plaintiff,<br><br>vs.<br><br>KEMI SILICON, INC., a Texas corporation; and TRRT INTERNATIONAL, LLC, an Anguilla limited liability company,<br><br>              Defendants. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 1:08 CV 427 |

        In this contract dispute, Defendants KEMI Silicon and TRRT International (collectively "Defendants") ask the court to dismiss this declaratory judgment action. Although Eagle Silicon admittedly filed this lawsuit before Defendants filed a separate action involving the same dispute in the U.S. District Court for the Western District of Texas, Defendants contend that this case should be dismissed because it was filed in an anticipation of litigation and is an impermissible effort to choose the forum. After reviewing the evidence, the court agrees. Accordingly, this declaratory judgment action is dismissed.

### BACKGROUND

        The parties are in the business of buying and reselling silicon. According to the briefs submitted, Defendants entered into multiple agreements for the purchase of scrap silicon wafers with Eagle Silicon, an Idaho limited liability company with its principal place of business in Idaho. Defendant KEMI Silicon is based in Texas and Defendant TRRT International is an

Anguilla limited liability company whose members are all Texas residents.

After Defendants received the silicon wafers, a dispute arose between the parties. Defendants assert that Eagle Silicon failed to send the entire amount promised and that the silicon wafers that were sent were not of an acceptable quality.  Defendants returned the allegedly nonconforming goods and demanded a refund.  Allegedly, Eagle Silicon refused.

Theodore Schultz, counsel for Defendants, sent a demand letter to Eagle Silicon on September 26, 2008.  In the letter, Mr. Schultz explained that Defendants had hired him "to seek resolution" of the matter and that several individuals had already contacted Eagle Silicon to explain the problem with the goods and to request a refund.  (Ex. A, 2, Compl., Docket No. 1.) Mr. Schultz noted that although Eagle Silicon had allegedly "seemingly admit[ted]" that a refund was owed, the company suggested that providing a refund might complicate its litigation position in a separate suit.  (Id. 1.)  Although Mr. Schultz emphasized that his client did not wish to complicate matters, "the simple fact remains that an outstanding receivable of $1.8 million is too large . . . to ignore." (Id.)  Consequently, Mr. Schultz demanded that Eagle Silicon submit payment "within ten days, [or] KEMI will be forced to file suit and will begin deposing you and all other persons with knowledge immediately to establish the facts of its case." (Ex. A, 2, Compl., Docket No. 1.)

Eagle Silicon responded within the provided ten day period—by filing a complaint for declaratory judgment in this court, located in the state of Eagle Silicon's principal place of business.  According to the Complaint, which was filed on October 6, 2008, Eagle Silicon sought a declaration of its rights, duties and liabilities pursuant to the silicon wafer sale agreements. (Compl., Docket No. 1.)  And although Defendants allegedly learned about the suit a few days later when they inquired about Eagle Silicon's intentions to comply with the terms of the demand

2

letter, it would be some time before Defendants were actually served. (Defendants allegedly refused to waive service.)

In the meantime, the parties met and attempted to negotiate a settlement. These efforts ended in late January or early February 2009, when Eagle Silicon finally served Defendants with this declaratory judgment action. On February 11, 2009, Defendants filed suit for breach of contract and unjust enrichment in the U.S. District Court for the Western District of Texas.[1] (See Ex. A, Defs.' Mem. Supp. Mot. Dismiss, Docket No. 10.)

Defendants ask the court to dismiss this declaratory judgment action because, according to Defendants, Eagle Silicon filed it in anticipation of a suit by Defendants. Alternatively, Defendants ask the court to transfer this action to the Western District of Texas.

## ANALYSIS

By providing a means by which a court can declare the rights and obligations of the litigants, the Declaratory Judgment Act protects potential defendants from threats of impending litigation. 28 U.S.C. § 2201. But such actions are only appropriate if the party can demonstrate that an actual case or controversy exists, namely that "'that there is a substantial controversy, between parties having adverse interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment.'" Scott v. Pasadena Unified Sch. Dist., 306 F.3d 646, 658 (9th Cir. 2002) (quoting W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981)). "The exercise of jurisdiction under the Federal Declaratory Judgment Act . . . is committed to the sound discretion of the federal district courts." Huth v. Hartford Ins. Co., 298 F.3d 800, 802 (9th Cir. 2002).

Neither Eagle Silicon nor Defendants dispute that an actual case or controversy exists

---

[1] The parties do not dispute that the two suits involve the same parties and address the same issues.

here. Rather, Defendants contend that the court should dismiss this declaratory judgment action, even though it was filed first, because Eagle Silicon filed it in anticipation of suit by Defendants in another less convenient forum.

When cases involving the same parties and issues have been filed in two different districts, the so-called first to file rule dictates that the court "which first acquired jurisdiction should try the lawsuit." Pacesetter Sys, Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982); see also Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) (describing the first to file rule). The "second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." Cedars-Sinai Med. Ctr. v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997); see also Pacesetter Sys., 678 F.2d at 94-95 ("There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district.")

The first to file rule is not "rigid or inflexible." Id. at 95. Courts have a great deal of discretion in applying the rule to consider the "dictates of sound judicial administration." Id. Specifically, courts have been willing to dispense of the first to file for reasons of equity. Alltrade, Inc. v. Univweld Prods, Inc., 946 F.2d 622, 627-28 (9th Cir. 1991) (collecting cases). When a litigant is able to successfully demonstrate that the first suit was filed in bad faith, in anticipation of another suit, or in an effort to choose the forum, courts will make exception to the first to file rule. See id. (collecting cases from other jurisdictions). Without such an exception, "[t]he wholesome purposes of declaratory acts would [otherwise] be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum." Mission Ins. Co. v. Puritan Fashions Corp., 706 F.2d 599, 602 n.3 (5th Cir. 1983) (quoting Am. Auto. Ins. Co. v.

Freundt, 103 F.2d 613, 617 (7th Cir. 1939)).

Defendants contend that the circumstances of this case warrant application of this exception. According to Defendants, Eagle Silicon knew that suit was imminent due to Mr. Schultz's demand letter and allegedly raced Defendants to the courthouse in order to secure its forum of choice in its home state.

As this court recently recognized in Coldwater Creek v. Brighton Collectibles, Inc., No. 06 CV 255, 2007 WL 2187104 (D. Idaho July 27, 2007), the Ninth Circuit has not provided "explicit guidance as to what should be deemed 'anticipatory' . . . but has left this to the discretion of the District Courts." Id. at *2. Some courts have found that an anticipatory suit exists when the "plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent." Xoxide, Inc. v. Ford Motor Co., 448 F. Supp. 2d 1188, 1192 (C.D. Cal. 2006) (quotation omitted).

One of the most frequently cited cases involving the issue of anticipatory litigation is Mission Insurance, in which the U.S. Court of Appeals for the Fifth Circuit concluded that the district court did not abuse its discretion in dismissing the first filed declaratory judgment action because the evidence demonstrated that the plaintiff had filed the suit in anticipation of a suit in California. 706 F.2d at 601-03. The facts of the case are as follows: Mission Insurance had agreed to insure Puritan Fashions, which manufactured and marketed Calvin Klein Jeans, against certain property losses. Puritan Fashions filed a claim totaling nearly $900,000 for the theft of some of its jeans. Because Puritan Fashions was concerned about a contractual limitations provision in the policy, it requested an extension of time for filing a suit pending resolution of its claim. Mission Insurance initially agreed to grant an indefinite extension of time. Less than one week before the original contractual limitations period would have expired, the insurance

company changed its mind and said that it would allow suit within thirty days of the date it provided a written statement on Puritan Fashion's claim.  (Puritan Fashion relied on these representations and did not file suit.)  Soon thereafter, the president of Mission Insurance orally rejected Puritan Fashion's claim, and Mission Insurance filed a declaratory judgment action in Texas the same day.

After considering "the inequity of permitting Mission [Insurance] to gain precedence in time and forum by its conduct," the district court dismissed the Texas declaratory judgment action.  Id. at 602.  The district court concluded that but for Mission Insurance's representation that it was considering the merits of the claim and its allowance for an extension of time to file suit, Puritan Fashions would have been the first to file an action.  And Puritan Fashion would have filed its suit in California.  The Fifth Circuit affirmed.  Based on these facts alone, the court concluded that sufficient evidence existed to support the conclusion that Mission Insurance had filed suit in anticipation of a suit in California by Puritan Fashion.  Id.

Here, Eagle Silicon contends that there were no concrete indications that suit was imminent.  Eagle Silicon explains, for example, that the demand letter did not unequivocally state that a law suit would be filed.  A complaint was not attached to the letter.  And the sentence threatening suit was drafted in "passive voice."  (Pl.'s Mem. Opp'n Dismiss, 7, Docket No. 19.) As further indication that suit was not imminent, Eagle Silicon contends that Defendants failed to file suit in Texas until four months after the ten day deadline for response in the demand letter expired.

But the facts generally indicate otherwise.  The parties had an ongoing dispute about the quality and quantity of the silicon wafers shipped.  And in Defendants' view, Eagle Silicon owed them a sizeable refund.  Defendant's efforts on more than one occasion to solicit this refund

6

through nonlitigious means were unfruitful.  So Defendants hired Mr. Schultz, an attorney.

      The demand letter from Mr. Schultz shows that a lawsuit was imminent.  In the letter, he explained to Eagle Silicon that he had been hired for purposes of resolving the dispute.  He detailed Defendants' past efforts to secure a refund and explained that Eagle Silicon had basically admitted that one was owed.  And although Defendants had been patient, the letter made clear that the amount owed was "too large . . . to ignore."  (Ex. A, 1, Compl., Docket No. 1.)  Consequently, Mr. Schultz explained that if Eagle Silicon failed to submit payment within ten days, Defendants would file suit.  Cf. Supervalu, Inc. v. Executive Dev. Sys., Inc., 06 CV 329, 2007 WL 129039 (D. Idaho Jan. 12, 2007) (finding it significant in concluding that the suit was not anticipatory that a letter sent requesting payment "did not specifically mention a potential law suit, let alone give specific, concrete indications that a suit was imminent").  To further underscore the seriousness of the demand and the imminency of suit, Mr. Schultz added that his client would immediately "begin deposing you and all other persons with knowledge" after the provided period expired "to establish the facts of its case."  (Ex. A, 2, Compl., Docket No. 1.)  When it received Defendants' letter, Eagle Silicon immediately filed this declaratory judgment action, even though the dispute had already been lingering for a while.  The demand letter apparently made Eagle Silicon take the dispute seriously and spurred it into action.

      Considering these facts, the court is not convinced that, without more, Defendants' failure to immediately file suit in the Western District of Texas is enough to compel a contrary conclusion.  The parties do not dispute that after Mr. Schultz sent the demand letter, negotiations to reach a settlement ensued.  Filing suit at that point would not necessarily have been in Defendants' best interests; Eagle Silicon had already won the race to the courthouse.  Moreover, as in Mission Insurance, the court must considering the inequity of permitting Eagle Silicon to

gain precedence in time and forum by its conduct.  Based on the facts, Defendants would have filed suit in a different forum had Eagle Silicon not beat them to it.

In light of the developed nature of the dispute, the clear language of Mr. Schultz's demand letter, and Eagle Silicon's prompt response, the court concludes that Eagle Silicon filed this declaratory judgment action in anticipation of litigation by Defendants and in an effort to pick its forum.  The court declines to apply the first to file rule in such circumstances.  Accordingly, the case is dismissed.

## ORDER

Defendants' Motion to Dismiss is GRANTED.  (Docket No. 9.)

DATED this 29th day of May 2009.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge, District of Utah